*Per Curiam.* We are of opinion, that an express warranty was not requisite, for it is a general rule, that the law will imply a warranty of title upon the sale of a chattel. This rule is laid down in *the commentaries of Sir William Blackstone*, who says, *Vol 2*, 451, " that by the civil law, an implied warranty was annexed to every sale, in respect to the *title* of the vendor; and so too in our law, a purchaser of goods and chattels may have a satisfaction from the seller, if he sells them as his own, and the title prove deficient, without any express warranty for that purpose. But with regard to the goodness of the wares so purchased, the vendor is not bound to answer, unless he expressly warrants them to be sound and good, or unless he knew them to be otherwise, and hath used any art to disguise them, or unless they turn out to be different from what he represented them to the buyer." The present decision does not, therefore, interfere with that of *Seixas* v. *Woods;* (*2 Caines* 48,) for the question in that case, arose upon the quality and not upon the title of the chattel sold, and the two cases are discriminated by the distinction taken by *Blackstone.*

NEW-YORK, May, 1806.

Defreeze
v.
Trumper.

Judgment affirmed.

## ANONYMOUS.

THE court said, that on an appeal from the decision of a judge, refusing a certificate to stay proceedings, for probable cause, after verdict, the party appealing may deliver to the court, the points and authorities on which he relies, together with the case.

Practice on appeals to the court, for a certificate to stay proceedings.